UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DOLIN, THOMAS & SOLOMON LLP,

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF LABOR

*Defendant.*

Civil Action No.

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Dolin, Thomas & Solomon LLP, brings this action against Defendant, United States Department of Labor (DOL), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552("FOIA"). As grounds therefor, Plaintiff respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff, Dolin, Thomas & Solomon, LLP, is a law firm, whose principal place of business is 693 East Avenue, Rochester, New York 14607.

4. Defendant, United States Department of Labor ("DOL"), is an agency and entity of the United States Government. Defendant DOL has its principal place of business

at 200 Constitutional Avenue, N.W., Washington, DC 20210. Defendant DOL has possession, custody, and control, of record to which Plaintiff seeks access.

## FACTUAL BACKGROUND

5.   On December 11, 2007, Plaintiff sent a FOIA request to Defendant DOL seeking access to the following records:

   a) photocopies of all documents received by DOL requesting DOL's opinion regarding the exempt or non-exempt status of the employees ("the request") as described in Wage and Hour Division Opinion Letter FLSA2007-2, issued on January 25, 2007 ("FLSA2007-02");

   b) photocopies of all documents obtained by DOL which accompanied the request;

   c) photocopies of all documents reflecting the name, title and address of any and all individuals who made the request;

   d) photocopies of all documents reflecting the name and address of any and all entities that made the request;

   e) photocopies of any and all documents acquired, obtained or created by, or in the possession of DOL, which were relied on to analyze the facts set forth in the request, and reach a legal conclusion in response to the request;

   f) photocopies of any notes or memorandums relating to conversations between any persons at DOL and any persons or entities who made the request, regarding the request or FLSA2007-4;

g) photocopies of any documents relating to written communications between any persons at DOL and any persons or entities who made the request, regarding the request or FLSA2007-4;

h) photocopies of any notes or memorandums relating to conversations between any persons at DOL and any persons outside DOL regarding the request or FLSA2007-4;

i) photocopies of any documents relating to written communications between any persons at DOL and any persons outside DOL regarding the request or FLSA2007-4;

j) photocopies of any notes or memorandums relating to conversations between any persons at DOL regarding the request or FLSA2007-4;

k) photocopies of any documents relating to written communications between any persons at DOL regarding the request or FLSA2007-4;

l) photocopies of all documents reflecting DOL's process used for writing and issuing FLSA2007-4 following the request;

m) photocopies of all documents reflecting the name, title and address of any and all persons at DOL who participated in analyzing the facts set forth in the request to reach a legal conclusion in response to the request;

n) photocopies of all drafts of FLSA2007-4 created prior to its ultimate final form;

o) photocopies of any documents reflecting any comments or revisions by anyone to any and all drafts of FLSA2007-4.

6. Plaintiff's FOIA request was received on December 12, 2007. As of April 22, 2008, Defendant DOL has failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion.

7. Pursuant to 5 U.S.C. §552(a)(6)(C), Plaintiff shall be deemed to have exhausted its administrative remedies with response to its request to Defendant.

8. Pursuant to 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the documents requested in its FOIA request, and Defendants have no legal basis for refusing to disclose these documents to Plaintiff.

## COUNT I
### *Violation of FOIA*

9. Plaintiff realleges paragraphs 1 though 8 as if fully stated herein.

10. Defendant has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's FOIA December 12, 2007 request within the twenty (20) day time period required by 5 U.S.C. §552(a)(6)(A)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to produce to Plaintiff the requested documents in response to Plaintiff's FOIA request of December 12, 2007; (3) grant Plaintiff's request for a fee waiver; (4) award Plaintiff its cost and reasonable attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 22, 2008

                                      DOLIN, THOMAS & SOLOMON LLP

                                 By: /s/ J. Nelson Thomas
                                    J. Nelson Thomas, Esq.
                                    Michael J. Lingle, Esq.
                                    *Attorneys for Plaintiff*
                                    693 East Avenue
                                    Rochester, New York 14607
                                    Telephone: 585.272.0540
                                    nthomas@theemploymentattorneys.com
                                    mlingle@theemploymentattorneys.com