**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DOLIN, THOMAS & SOLOMON LLP,

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF LABOR,

*Defendant.*

Civil Action No.
**08-CV-6181**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

**DOLIN, THOMAS & SOLOMON LLP**
*Attorneys for Plaintiff*
693 East Avenue
Rochester, New York 14607
(585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
cdouglass@theemploymentattorneys.com

Of Counsel:  J. Nelson Thomas
            Michael Lingle
            Cristina A. Douglass

## PRELIMINARY STATEMENT

Plaintiff Dolin, Thomas & Solomon LLP submits this memorandum of law in support of plaintiff's motion for summary judgment. Plaintiff respectfully requests that this Court order the disclosure of agency records pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552 *et seq.* ("FOIA"), which have been unlawfully withheld by the United States Department of Labor ("DOL" or "defendant"). As set forth below, defendant has not adequately set forth a valid basis for withholding the documents due to its failure to provide sufficiently detailed *Vaughn* indices, and its wrongful assertion of FOIA Exemption 5 (5 U.S.C. § 552(b)(5)). Accordingly, plaintiff's motion should be granted.

## FACTS

On December 11, 2007, plaintiff mailed three FOIA requests to the DOL seeking access to photocopies of agency records relating to Wage and Hour Division Opinion Letters FLSA2007-1, FLSA2007-2, and FLSA2007-4, which were issued on January 25, 2007 ("FLSA2007-1," "FLSA2007-2," and "FLSA2007-4," and collectively the "opinion letters"). *See* Affirmation of Cristina Douglass, sworn to April 15, 2009 ("Douglass Aff.") ¶ 3, App. Ex. A, B, C[1] (Plaintiff's FOIA Requests). Plaintiff made identical requests for each of the opinion letters. *See* Douglass Aff. ¶ 4. Specifically, for each of the opinion letters, plaintiff requested:

    a.)    photocopies of all documents received by DOL requesting DOL's opinion regarding the exempt or non-exempt status of the employees ("the request[s]") as described in [each of the opinion letters];

    b.)    photocopies of all documents obtained by DOL which accompanied the request[s];

    c.)    photocopies of all documents reflecting the name, title and address of any and all individuals who made the request[s];

---

[1]    Exhibits attached to Plaintiff's Appendix to Local Rule 56.1 Statement of Material Facts are referenced as "App. Ex."

d.)   photocopies of all documents reflecting the name and address of any and all entities that made the request[s];

e.)   photocopies of any and all documents acquired, obtained or created by, or in the possession of DOL, which were relied on to analyze the facts set forth in the requests, and reach a legal conclusion in response to the request[s];

f.)   photocopies of any notes or memoranda relating to conversations between any persons at DOL and any persons or entities who made the request[s], regarding the request[s] or [each of the opinion letters];

g.)   photocopies of any documents relating to written communications between any persons at DOL and any persons or entities who made the request[s], regarding the request[s] or [each of the opinion letters];

h.)   photocopies of any notes or memoranda relating to conversations between any persons at DOL and any persons outside DOL regarding the request[s] or [each of the opinion letters];

i.)   photocopies of any documents relating to written communications between any persons at DOL and any persons outside DOL regarding the request[s] or [each of the opinion letters];

j.)   photocopies of any notes or memoranda relating to conversations between any persons at DOL regarding the request[s] or [each of the opinion letters];

k.)   photocopies of any documents relating to written communications between any persons at DOL regarding the request[s] or [each of the opinion letters];

l.)   photocopies of all documents reflecting DOL's process used for writing and issuing [each of the opinion letters] following the request[s];

m.)   photocopies of all documents reflecting the name, title and address of any and all persons at DOL who participated in analyzing the facts set forth in the request[s] to reach a legal conclusion in response to the request[s];

n.)   photocopies of all drafts of [each of the opinion letters] created prior to [their] ultimate final form;

o.)   photocopies of any documents reflecting any comments or revisions by anyone to any and all drafts of [each of the opinion letters].

*See* Douglass Aff. ¶ 4; App. Ex. A, B, C.  Plaintiff's FOIA requests were received by the DOL on December 12, 2007. *See* Douglass Aff. ¶ 5.  Defendant did not produce any records in response within the twenty day deadline as set forth in 5 U.S.C. § 552(a)(6)(A)(i). *See* Douglass Aff. ¶ 5.  Accordingly, plaintiff commenced this lawsuit on April 22, 2008. *See* Douglass Aff. ¶ 6; Docket No. 1.

On August 11, 2008, defendant responded to plaintiff's requests with three letters (one for each request), each signed by Michael Ginley, Director, Office of Enforcement Policy.  *See* Douglass Aff. ¶ 7, Pl. App. Ex. D, E, F.  Defendant produced some documents, yet also produced an index for each request, describing respectively, 17, 21 and 25 documents withheld. *See* Douglass Aff. ¶ 8, App. Ex. G, H, I.  On November 14, 2008, defendant responded a second time to plaintiff's request, again with three letters, but from Carol A. DeDeo, Deputy Solicitor of Labor for National Operations.  *See* Douglass Aff. ¶ 9, App. Ex. J, K, L.  Defendant produced many of the same documents it previously produced, along with three additional indices which set forth respectively, an additional 30, 47 and 37 documents withheld.  *See* Douglass Aff.  ¶ 10, App. Ex. M, N, O.[2]

All of defendant's response letters and accompanying indices set forth that the DOL withheld documents pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5). *See* Douglass Aff. ¶ 12.  However, the letters and indices only generally stated that certain documents were protected by the deliberative process or attorney-client privileges, with little explanation of the content of the documents to show that such privileges applied. *See* Douglass Aff. ¶ 13.

---

[2]     Additionally, prior to defendant's second response, on November 7, 2008, plaintiff appealed defendant's decision to withhold the documents described in its first response.  *See* App. Ex. P, Q, and R.  As of the date of this motion, the Solicitor of Labor has not produced additional documents. *See* Douglass Aff. ¶ 11.

Accordingly, plaintiff now moves for an order requiring defendant to disclose the withheld documents.

<u>ARGUMENT</u>

I.   **THE FREEDOM OF INFORMATION ACT.**

The purpose of FOIA is to "promote honest and open government and to assure the existence of an informed citizenry [in order] to hold the governors accountable to the governed." *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 478 (2d Cir.1999); *Nat'l Council of La Raza v. Dep't of Justice,* 411 F.3d 350, 355 (2d Cir. 2005); *see also Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 862 (D.C. Cir. 1980).  FOIA does so by "assur[ing] that the public has access to all government documents, subject to only nine specific limitations" that are narrowly interpreted "with all doubts resolved in favor of disclosure." *Coastal States,* 617 F.2d at 862; *Local 3, Int'l Bhd. of Elec. Workers v. NLRB,* 845 F.2d 1177, 1180 (2d Cir. 1988); *see also La Raza*, 411 F.3d at 355-56; *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001).  "[D]isclosure, not secrecy, is the dominant objective of [FOIA]." *Klamath*, 532 U.S. at 8 *citing Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (1976).  The policy behind any FOIA analysis is "that the public is entitled to know what its government is doing and why[,]" such that the narrow exemptions to FOIA should be applied consistently with this public right. *Coastal States*, 617 F.2d at 868.

Thus, any agency decision to claim one of FOIA's nine specific exemptions to disclosure must be substantially justified.  *Klamath*, 532 U.S. at 8; *Rose,* 425 U.S. at 361; *Coastal States,* 617 F.2d at 866; *Lee v. Fed. Deposit Ins. Corp.*, 923 F. Supp. 451, 453 (S.D.N.Y. 1996).  It is a significant burden which is not satisfied by conclusory assertions of privilege. *See id. citing Coastal States,* 617 F.2d at 861.  Thus, when withholding records, agencies are

tasked with providing a detailed index setting forth the basis for a claimed exemption, known as a *Vaughn* index.  *See Vaughn v. Rosen,* 484 F.2d 820, 827-28 (D.C. Cir. 1973).  *Vaughn* sets forth that an agency may not justify its withholding with "conclusory and generalized allegations of exemptions" but must provide a "relatively detailed analysis in manageable segments."  *Id*. at 826.  The purpose of the *Vaughn* index is to provide sufficient information to allow the court to make a reasoned determination that the agency's decision to deny disclosure falls within one of FOIA's narrow, enumerated exemptions.  *See Lee*, 923 F. Supp. at 453 *citing Coastal States,* 617 F.2d at 861.

In the context of FOIA disputes, summary judgment is the preferred procedural vehicle for resolving such disputes.  *See Adamowicz v. Internal Revenue Serv.*, 552 F. Supp. 2d 355, 360 (S.D.N.Y. 2008).  Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Frankel v. Bally, Inc.*, 987 F.2d 86, 88 (2d Cir. 1993).  In the FOIA context, the agency must demonstrate "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  *See Ruotolo v. Dep't of Justice*, 53 F.3d 4, 9 (2d Cir. 1995) *citing Nat'l Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973).  As set forth below, because the DOL has not made this showing, as a matter of law, summary judgment must be granted to plaintiff and the documents, or appropriately redacted versions, be disclosed.[3]

---

[3]     In the alternative, should the Court deem it necessary, defendant should be ordered to disclose the documents to the Court for an *in camera* review.  *See El Badrawi v. Dep't of Homeland Sec.*, 583 F. Supp. 2d 285, 313 (D. Conn. 2008) *citing Halpern v. F.B.I.*, 181 F.3d 279, 295 (2d Cir. 1999) (noting in camera review as an option for eliciting further detail from the government).  However, "'the district court's inspection prerogative is not a substitute for the government's

## II.   DEFENDANT'S WITHHOLDINGS IN RELIANCE ON THE DELIBERATIVE PROCESS PRIVILEGE OF FOIA EXEMPTION 5 ARE LEGALLY IMPROPER.

Summary judgment should be granted to plaintiff because defendant has not demonstrated that its withholdings are justified by FOIA Exemption 5. FOIA Exemption 5 exempts from production "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency[.]" 5 U.S.C.A § 552(b)(5). Courts have recognized two discrete protections under FOIA Exemption 5, which defendant has chosen to invoke in withholding documents requested by plaintiff. Those protections are the deliberative process privilege and the attorney-client privilege. Under one or both exemptions, defendant has withheld documents that fit generally into the following five categories:

1.   Emails, memos and notes (hereafter "communications") merely attaching drafts of the opinion letter and communications discussing the "status of the request" (claimed protected under the deliberative process and attorney-client privileges);

2.   Communications relating to the opinion letter drafting process itself (claimed protected under the deliberative process privilege);

3.   Drafts of the opinion letters at issue (claimed protected under the deliberative process and attorney-client privileges);

4.   Communications containing orders, advice and interpretations ("secret law") which govern decisions made within the DOL (claimed protected under the deliberative process and attorney-client privileges);

5.   Copies of prior opinion letters and legal research documents (claimed protected under the deliberative process privilege).

As discussed below, defendant's reliance on FOIA Exemption 5, and its explanations for doing so, are misplaced, improper and legally insufficient.

---

burden of proof, and should not be resorted to lightly.'" *Halpern*, 181 F.3d at 295 *citing Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 743 (9th Cir. 1980).

A.      **Defendant's withholdings in reliance on the deliberative process privilege of Exemption 5 are invalid.**

1. *Defendant improperly withheld communications merely attaching drafts of the opinion letters and/or discussing the "status of the request[s]."*

Under the deliberative process privilege of Exemption 5, defendant withheld both communications described as attaching "drafts" of the opinion letters at issue and internal communications discussing the status of the opinion letter requests.  *See* App. Ex. G, Index Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11; App. Ex. H, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 18; App. Ex. I, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21; App. Ex. M, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 20, 21, 23; App. Ex. N, Index Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 21, 22, 24, 26, 28, 29, 30, 31, 32, 33; App. Ex. O, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 21, 22, 23, 24, 25, 28, 29.  Defendant's reliance on the deliberative process privilege for withholding these documents is grossly misplaced as these documents have no deliberative value, and defendant's explanation of why the privilege applies is conclusory and legally insufficient.

The deliberative process exemption only applies to documents that are both "pre-decisional" and "deliberative." *La Raza*, 411 F.3d at 356; *Coastal States*, 617 F.2d at 866-68. A document is pre-decisional when it is "recommendatory[,]" "generated before the adoption of an agency policy[,]" and "prepared in order to assist an agency decision-maker in arriving at his decision." *La Raza*, 411 F.3d at 356 *citing Cuomo*, 166 F.3d at 482; *Coastal States*, 617 F.2d at 866.  Additionally, the document must be deliberative, meaning that "it reflects the give-and-take of the consultative process[,]" "weighing the pros and cons of agency adoption of one viewpoint or another" and "actually … relate[s] to the process by which policies are

formulated." *Id.*   This exemption is meant "to assure that subordinates within an agency will feel free to provide the decision-maker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism … and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Coastal States*, 617 F.2d at 866.

In order to test whether disclosure of a particular document will adversely affect the agency's deliberative process, "courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States*, 617 F.2d at 866 *citing United States v. Nixon*, 418 U.S. 683, 705 (1974) ("'Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decision-making process'").   Additionally, "[t]he identity of the parties to the memorandum is important; a document from a subordinate to a superior official is more likely to be pre-decisional, while a document moving in the opposite direction is more likely to contain instructions to staff explaining the reasons for a decision already made." *Coastal States*, 617 F.2d at 868.   And, "even if the document is pre-decisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public." *Id*. at 866.

Furthermore, a document that is deliberative may *only* be withheld if discoverable content is "inextricably intertwined" with the deliberative content.   *See Chevron U.S.A., Inc. v. U.S.*, 83 Fed. Cl. 313, 323 (Fed. Cl. 2008). To the extent that discoverable content is

"severable" or "reasonably segregable" from the deliberative content, the document must be produced. *Id*; 5 U.S.C.A. § 552 (b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt[.]").

In claiming the deliberative exemption for any document, an agency has the substantial burden of justifying the exemption by establishing in detail the specific deliberative process in which the withheld documents were used, and identifying and explaining the specific role played by the particular documents in that process. *Coastal States*, 617 F.2d at 868; *Vaughn v. Rosen*, 523 F.2d 1136, 1146 (D.C. Cir. 1975); *Ctr. For Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57 at 68-69 (D.D.C. 2006).   Unless those documents were used in a "clear 'process' leading to a final decision on the issue … they are less likely to be properly characterized as pre-decisional." *Coastal States*, 617 F.2d at 868.   Furthermore, a withholding party must establish the deliberative exemption as to each portion of a withheld document.   *Mead Data Central v. U.S. Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977); *Gutierrez*; 451 F. Supp. 2d at 68-69.   To the extent that properly classified deliberative sections may be severed from non-exempt sections, the document should be produced (with exempt portions withheld through redaction, provision of a clean copy or other methods), and the reasons for withholding the other sections specified in detail. *Id.*

These particular communications, by defendant's own description, merely <u>attach</u> drafts (the drafts themselves are discussed below), and/or discuss the <u>status</u> of the requested opinion letter.    As such, while these documents were created prior to the release of the letter during the process of drafting, they are certainly not deliberative.   These documents do not contain any individualized opinions, nor might they inaccurately portray the position of the DOL as

reflected in the subject opinion letters if produced.   They are emails which merely transmitted documents from one person to another, containing no deliberative content. Accordingly, these documents do not qualify for the deliberative process exemption because they relate solely to procedural issues.

Further, defendant's *Vaughn* indices fall woefully short of the detail required to demonstrate the deliberative process exemption applies.  *See* App. Exs. G, H, I, M, N and O. The indices contain largely cookie-cutter responses that do not elaborate on the content of the documents such that the Court might be able to make an informed decision as to whether the withholding is proper.  For example, in the indices, defendant makes the conclusory statement for each document that defendant has "determined that the material at issue would reveal the deliberative process of the Federal Government if disclosed, and, therefore, is protected by the deliberative process exemption of exemption 5[.]"  This explanation does not identify the specific deliberative role these documents have played in a "clear process," as the law requires.   Nor has defendant mentioned whether some content of the documents is not privileged yet "inextricably intertwined" with privileged content.   Defendant has also failed to fully identify (with the name and role/position within the agency) the parties to these various communications, such that the court may determine whether the document is more likely to be deliberative or not.  *See Coastal States*, 617 F.2d at 868.

Accordingly, defendant's failure to provide sufficient detail in its *Vaughn* indices has left plaintiff and the Court to guess at the justification for and propriety of the withholdings, in direct contravention of FOIA's purposes.   Nonetheless, it is clear that because the documents are mere transmittal documents or discuss the status of the requests, defendant is

not justified in withholding them, as they have no deliberative value, and are thus not privileged.

        2.   *Defendant improperly withheld communications relating to the opinion letter drafting process.*

Defendant also withheld numerous communications discussing or reviewing the opinion letter drafting process itself under the deliberative process privilege of FOIA Exemption 5.  *See* App. Ex. H, Index No. 12; App. Ex. M, Index No. 1; App. Ex. N, Index Nos. 1, 2, 29, 35.  Defendant has wrongfully claimed that these documents are privileged, and has given inadequate explanations for its claim.  Accordingly, disclosure of these documents should be ordered.

As discussed previously, documents that are both pre-decisional and deliberative may be privileged under FOIA.  While these process documents are arguably pre-decisional (as they were created prior to the release of the opinion letter, and were created to assist the drafting process), they have no deliberative value.  These documents merely describe the *process itself* for drafting and reviewing the subject opinion letters.  As such, they are merely a procedural guide for the drafting process.  Through disclosure of these documents, an individual's opinions would not be revealed, nor would an agency opinion be incorrectly implied.  As such, these documents are not subject to the privilege.

In the *Vaughn* indices for these documents, defendant again repeats the mantra "[w]e have determined that the material at issue would reveal the deliberative process of the Federal Government if disclosed, and, therefore, is protected by the deliberative process exemption of exemption 5[.]"  This statement is not accompanied by any detailed statement as to the content, scope or purpose of the withheld document.  Defendant also does not explain the role of these documents in any specific deliberative process, nor does the

11

defendant explain whether any part of these documents could be disclosed.   Rather, defendant merely claims blanket protection of the documents based on its own conclusory statement of privilege.

Because these documents relate to the review process itself and defendant has failed to give any adequate justification for withholding them, they are not deliberative and thus not privileged.

3.   *Defendant improperly withheld drafts of the opinion letters at issue.*

Defendant has also withheld drafts of the opinion letters at issue under the deliberative process privilege of FOIA Exemption 5.   *See* App. Ex. G, Index Nos. 4, 9, 14, 15; App. Ex. H, Index Nos. 2, 10, 16, 20, 21; App. Ex. I, Index Nos. 9, 15, 17, 20, 23, 24; App. Ex. M, Index Nos. 1, 10, 11, 15, 22, 27; App. Ex. N, Index Nos. 1, 2, 11, 12, 20, 21, 22, 23, 24, 28, 29, 30, 31, 32, 34, 36, 37; App. Ex. O, Index Nos. 3, 11, 12, 18, 21, 22, 28, 30). While drafts potentially have more deliberative value than some other forms of communications, courts are clear that the withholding of drafts is not a foregone conclusion and must still be specifically and substantially justified.   As such, defendant's bare assertions of this privilege for its drafts without justification are insufficient, and production should be ordered.   As discussed above, the deliberative process exemption only applies to documents that are both pre-decisional and deliberative.   While drafts, by their nature, tend to be pre-decisional, they "not per se exempt" unless they are also inextricably deliberative. *Gutierrez*, 451 F. Supp. 2d at 68-69; *Coastal States*, 617 F.2d at 866; s*ee also Chevron;* 83 Fed. Cl. at 323; *Wilderness Soc'y v. Dep't of Interior,* 344 F. Supp. 2d 1, 14 (D.D.C. 2004).   Accordingly, defendant must not only demonstrate that the draft itself is deliberative, but also *<u>specify in</u> <u>detail</u>* how each and every part or section of a draft is actually deliberative.   *Id.*   To the extent

12

that any particular section is not privileged, then such sections must be severed and produced (through redaction or another method).   *Id.*   Defendant has not produced a detailed explanation for why each draft is privileged, much less explained that certain portions of the drafts are privileged.   Instead, defendant conclusorily treats the drafts as though they are universally privileged.

Additionally, many of the withheld drafts are described as "unsigned and undated." As discussed above, a primary purpose of the deliberative privilege is to avoid any single individual's opinions being disclosed, thus thwarting vigorous debate.   Thus, it is difficult to understand how any single person's opinions might be disclosed if *no one is even identified* in the draft.   Accordingly, if the drafts cannot be attributed to anyone (or if redaction could prevent identification), then the privilege is inapplicable.   Even if there are markings, initials or signatures on a draft, defendant could simply produce a clean copy of the particular document to ensure that no individual's views are improperly disclosed in violation of the privilege.

Further, if anything within a particular draft could shed an inaccurate light on the DOL's ultimate position taken in a final opinion letter, defendant could simply redact the particular confusing section.   Conversely, to the extent that any of these drafts are identical (or substantially the same) to the final released opinion letters, the law provides that they are subject to disclosure and not privileged.[4] *See Coastal States*, 617 F.2d at 866.

Accordingly, defendant's purported justification for invoking the deliberative process privilege as to the withheld drafts is legally insufficient and unjustified.

---

[4]     For example, defendant admits in App. Exhibit H, Index No. 10 that of the two drafts withheld, only "[o]ne copy contains different language from the final published opinion letter." This statement indicates that some drafts are identical to the final opinion letters, and thus subject to disclosure.

13

4. *Defendant improperly withheld communications containing orders, advice and interpretations ("secret law") which govern decisions made within the agency.*

Again claiming the deliberative process privilege of FOIA Exemption 5, defendant withheld a number of communications containing legal orders, advice, discussion and interpretations which governed the drafting of the opinions letters. *See* App. Ex. G, Index Nos. 4, 6, 7, 8, 10; App. Ex. H, Index Nos. 2, 4, 5, 6, 7, 8, 11; App. Ex. I, Index Nos. 2, 9, 10, 11, 12, 13, 14, 16, 18, 19; App. Ex. M, Index Nos. 2, 12, 13, 14, 16, 17, 21, 22, 23, 25; App. Ex. N, Index Nos. 3, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 33, 35, 38, 41, 46, 47; App. Ex. O, Index Nos. 4, 13, 14, 15, 16, 17, 19, 20, 21, 24, 26, 27, 28, 29, 33, 37. Courts have held that such information meets the definition of "secret law" within the agency, and must therefore be disclosed.

"An agency will not be permitted to develop a body of 'secret law,' used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.'" *Coastal States*, 617 F.2d at 867-868 (*citing Sterling Drug, Inc. v. FTC*, 450 F.2d 698, 708 (D.C. Cir. 1971). Secret law generally consists of internal "orders and interpretations which [the particular agency] actually applies to cases before it[.]" *Id.* Such "binding agency opinions and interpretations" … "are not the ideas and theories which go into the making of the law, they are the law itself, and as such should be made available to the public." *Id.*

Defendant has withheld many communications claiming only that the documents contain legal advice, interpretations, discussion or orders. However, to the extent that any advice, orders, communications or interpretations operate as the governing law or rules within any agency, they are not deliberative and are subject to disclosure. The DOL may not hide behind privilege to refuse production of documents that govern agency decisions.

14

Defendant has also provided little description of such documents in its *Vaughn* indices, other than that they address "legal issues," or provide "legal advice." Yet, if any of these documents include information which orders and/or governs agency decisions and actions, then they are discoverable as "secret law." Once such law is adopted, there is no longer a concern that any person's views might be exposed or that the agency's reasoning will be cast in an inaccurate light. *See Coastal States*, 617 F.2d at 866.

Defendant has also failed to specifically identify the roles and positions of the parties to such communications. As discussed previously, if any of these communications were from a superior to a subordinate, they are more likely subject to disclosure. Nor has defendant established that these communications are "inextricably intertwined" with deliberative content, and thus wholly privileged. As such, defendant should be compelled to turn over these documents pursuant to plaintiff's FOIA requests.

> 5. *Defendant improperly withheld copies of prior opinion letters and legal research documents.*

Defendant also withheld copies of prior published opinion letters and legal research documents (some containing handwritten notes, and some with "underlining" or other markings) claiming they are privileged under Exemption 5. *See* App. Ex. G, Index Nos. 12, 13, 16, 17; App. Ex. H, Index Nos. 6, 17, 19; App. Ex. I, Index Nos. 22, 25; App. Ex. M, Index Nos. 24, 25, 26, 28, 29, 30; App. Ex. N, Index Nos. 20, 39, 40, 41, 42, 43, 44, 45, 47; App. Ex. O, Index Nos. 19, 20, 26, 27, 31, 32, 33, 34, 35, 36, 37. However, legal research documents are not necessarily exempt from disclosure.

As an initial matter, many of these communications are likely discoverable to the extent that they operate as the "secret law" of the agency (as discussed above). If a prior opinion letter (or draft) or some other form of "legal research" is operating in a precedential

or governing manner in guiding defendant's actions, it is the governing law of the agency and is therefore subject to disclosure.

Further, as discussed above, a document must be pre-decisional and deliberative to qualify for this exemption. While these documents may arguably be created prior to the DOL's final action and in an effort to assist the process, they are not deliberative. Legal research documents do not reveal the particular opinions of any person, they merely contain the law governing the particular issue to be resolved. These documents would not shed an inaccurate light on the agency's position since they contain no reflection of the agency's opinions, but merely contain the law reviewed by the agency. To the extent that either of these issues are implicated however, redaction or the production of clean documents would provide an acceptable alternative.

Additionally, plaintiff has every right to understand the legal theory and precedent that informed defendant in drafting the opinion letters. There is no reason for such documents to be secretively held whether in the form of prior opinion letters or case law. The documents are of precedential value, and thus public scrutiny of them is proper under FOIA.[5] *See Coastal States*, 617 F.2d at 868-69.

Lastly, production of materials with underlining would have no harmful effect on the deliberative process. The documents could not draw attention to any particular person nor reveal any details about the agency's deliberative process.

Accordingly, defendant improperly withheld prior opinion letters and numerous legal research documents from disclosure in response to plaintiff's requests. These documents are

---

[5]    Defendant's decision to withhold these documents is curious given its disclosure of *some* case law.

not privileged under Exemption 5, and defendant should therefore be ordered to disclose them.

**B.      Defendant's withholdings in reliance on the attorney-client privilege of Exemption 5 is invalid**

     1.      *Defendant improperly withheld communications merely attaching drafts of the opinion letter and communications discussing the "status of the request[s]."*

Under the attorney-client process privilege of Exemption 5, defendant has withheld numerous communications described as attaching "drafts" of the opinion letters at issue and internal communications reflecting discussion of the status of the opinion letters. *See* App. Ex. G, Index Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11; App. Ex. H, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 18; App. Ex. I, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21; App. Ex. M, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 20, 21, 23; App. Ex. N, Index Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 21, 22, 24, 26, 28, 29, 30, 31, 32, 33; App. Ex. O, Index Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 21, 22, 23, 24, 25, 28, 29.  Defendant's reliance on this privilege is grossly misplaced, and its explanations for claiming the documents privileged are conclusory and legally insufficient.

The attorney-client privilege, as traditionally recognized, protects confidences between attorneys and clients, and its purpose "is to assure that a client's confidences to his or her attorney will be protected, … therefore encourag[ing] clients to be as open and honest as possible with attorneys." *Coastal States*, 617 F.2d at 862.  However the privilege is narrowly construed and limited.  It "'protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.'"  *Id.*  Additionally, in order to

claim the privilege a party must establish the "prerequisite to assertion of the privilege: confidentiality both at the time of the communication and maintained since." *Id.*

Under FOIA, "[t]he attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services." *Adamowicz v. I.R.S.*, 552 F. Supp. 2d 355, 364 (S.D.N.Y. 2008) (*citing Tax Analysts v. I.R.S.*, 117 F.3d 607, 618 (D.C. Cir. 1997). In the governmental context, the 'client' may be the agency and the attorney may be an agency lawyer. *See id*. An agency seeking to establish this privilege under FOIA Exemption 5 in order to protect documents from disclosure must meet several requirements. The communications or documents must contain advice or counseling from attorneys specifically related to the agency's legal, "personal" interests. *Coastal States*, 617 F.2d at 863. Essentially, the privilege is meant to ensure that the agency, just as any private party, is not "deterred from full and frank communications with its counselors." *Coastal States*, 617 F.2d at 863; *Lee*, 923 F. Supp. at 457. For example, an auditor's neutral and objective analysis of agency regulations is not privileged, whereas the materials generated by an agency in negotiating a government contract are. *See Coastal States*, 617 F.2d at 863; *See also Mead Data*, 566 F.2d 242.

Additionally, there must be a strict scope of distribution for any agency lawyers' communications for which the agency claims privilege. The agency has the significant burden of demonstrating "that confidentiality was expected in the handling of these communications, and that it was reasonably careful to keep this confidential information protected from general disclosure." *Coastal States*, 617 F.2d at 863. Because agency documents are necessarily circulated to a limited group of people specifically involved in the

particular process, this limited distribution alone does not defeat the privilege.  *See Coastal States*, 617 F.2d at 863.

The Court must further examine "whether the agency is able to demonstrate that the documents, and therefore the confidential information contained therein, were circulated no further than among those members "'of the organization who are authorized to speak or act for the organization in relation to the subject matter of the communication.'" *Coastal States*, 617 F.2d at 863 *citing Mead Data*, 566 F.2d at 253, n.24.  "If facts have been made known to persons other than those who need to know them, there is nothing on which to base a conclusion that they are confidential" and the privilege is defeated.  *Coastal States*, 617 F.2d at 863.

Defendant has given no indication that these communications (attaching drafts or discussing the status of the request) have any relation to defendant's attempts to obtain legal advice.  There is also nothing to demonstrate that they were confidential at the time of their creation, or that they have been kept confidential since their creation.  This includes the failure to establish that these communications had a limited scope of distribution that has been guarded and maintained.  There is also no evidence that these communications were necessarily related to the "personal" interests of defendant.  These communications merely relate to checking on or relaying information related to the procedural aspects of the drafting process.  As such, they are not subject to the attorney-client privilege.

As with defendant's claims of deliberative process exemption, the *Vaughn* indices provided by defendant are insufficiently detailed and legally improper as to every document for which defendant has refused disclosure under the attorney-client privilege. *See* App. Ex. G, H, I, M, N and O.   Defendant's boiler-plate responses to plaintiff's requests give no

substantive factual basis on which the Court might be able to judge the propriety of defendant's withholdings under the attorney-client privilege.   Many of the documents withheld pursuant to this privilege are clearly not protected by the attorney-client privilege of Exemption 5.  These communications should therefore be produced.

        2.   *Defendant improperly withheld drafts of the opinion letters at issue.*

      Defendant also withheld drafts of the opinion letters at issue under the attorney client privilege of FOIA Exemption 5.  *See* App. Ex. G, Index Nos. 4, 9, 14, 15; App. Ex. H, Index Nos. 2, 10, 16, 20, 21; App. Ex. I, Index Nos. 9, 15, 17, 20, 23, 24; App. Ex. M, Index Nos. 1, 10, 11, 15, 22, 27; App. Ex. N, Index Nos. 1, 2, 11, 12, 20, 21, 22, 23, 24, 28, 29, 30, 31, 32, 34, 36, 37; App. Ex. O, Index Nos. 3, 11, 12, 18, 21, 22, 28, 30).  Defendant's bare assertions of the attorney-client privilege for these documents are insufficient, and production should be ordered.

      As described above, for the privilege to apply, defendant must have made the communication in an effort to gain legal advice on an issue of "personal" interest, and must have expected and maintained confidentiality.  Here, defendant simply recites that standard claiming that the drafts were communicated for the purpose of seeking "legal advice," but does nothing to support the claim.  Defendant also fails to make any showing as to what the appropriate, limited scope of distribution was for the particular drafts.  Nor does defendant provide any factual support that might establish that confidentiality was expected and has been maintained since the drafts were exchanged.  Lastly, the defendant has not established that the drafts were communicated for the purposes of furthering the "personal" interests of the agency, thus distinguishing them from admissible communications.

Because defendant's purported justifications for withholding the drafts properly requested by plaintiff are legally insufficient and unjustified, defendant should be ordered to produce them.

      3.  *Defendant improperly withheld communications containing orders, advice and interpretations ("secret law") which govern decisions made within the agency.*

Defendant chose to withhold a number of emails containing orders, advice and interpretations (which were often legal in nature) which governed the drafting of the opinions letters in question under the attorney-client privilege of FOIA Exemption 5. *See* App. Ex. G, Index Nos. 4, 6, 7, 8, 10; App. Ex. H, Index Nos. 2, 4, 5, 6, 7, 8, 11; App. Ex. I, Index Nos. 2, 9, 10, 11, 12, 13, 14, 16, 18, 19; App. Ex. M, Index Nos. 2, 12, 13, 14, 16, 17, 21, 22, 23, 25; App. Ex. N, Index Nos. 3, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 33, 35, 38, 41, 46, 47; App. Ex. O, Index Nos. 4, 13, 14, 15, 16, 17, 19, 20, 21, 24, 26, 27, 28, 29, 33, 37. Such information meets the definition of "secret law" within the agency, and must therefore be disclosed.

As under the deliberative process privilege, the "secret law" of an agency is not exempted from FOIA by the attorney-client privilege of Exemption 5. "[W]here an agency has decided 'expressly to adopt or incorporate by reference [a] ... memorandum previously covered by Exemption 5 in what would otherwise be a final opinion'" the attorney-client privilege no longer applies. *Robert v. Dept. of Health and Human Serv.*, Civ. No. 01-CV-4778 (DLI), 2005 WL 1861755 at 4 (E.D.N.Y. August 1, 2005) *quoting La Raza,* 411 F.3d at 356. In other words, to the extent that the agency gained any legal opinions, interpretations or advice during the drafting process, and then chose to follow or incorporate it into the final agency opinion, such communications are discoverable. *See id.* While such materials are normally subject to the attorney-client privilege for private litigants, they are discoverable

under FOIA as the adopted "law" (albeit secret) of the particular governmental agency. *See id.* Once adoption of such "law" occurs, disclosure will not inhibit frank communication between "attorney" (agency lawyers) and "client," (agency itself) and the agency should be responsible and accountable for defending their policy to the public. *See La Raza,* 411 F.3d at 360-61. Public knowledge and scrutiny of such communications is proper. *See id.*

Simply pretending that any communication between agency lawyers and the agency is privileged is legally unjustified because FOIA demands more. *See Vaughn v. Rosen*, 484 F.2d at 823-25. As discussed above, to the extent that any advice, orders or interpretations operate as the governing law or rules within any agency, they are discoverable. An agency may not hide behind privilege to refuse production of documents that govern agency decisions.

Defendant has provided little to no description of such documents. Defendant's constant refrain in its *Vaughn* indices is that such communications address "legal issues," or provide "legal advice." Such justifications are conclusory and do not meet defendant's burden. Should these documents include any information which could be construed as agency "law" or "rules," that operate to order and govern agency actions, then they are subject to disclosure.

Defendant has also failed to establish that there was a proper, limited scope of distribution for such communications, as the law requires or that the information has been kept within the scope of a limited distribution since that time. There is also no factual support for the Court to find that these communications were made in pursuit of a "personal" interest of the agency. As such, defendant's withholding of these documents is legally improper.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for summary judgment should be granted, and defendant should be ordered to disclose all of the documents it has improperly withheld from production under FOIA.

Dated: April 15, 2009

**DOLIN, THOMAS & SOLOMON LLP**

By: _/s/ Cristina A. Douglass_
    J. Nelson Thomas, Esq.
    Michael J. Lingle, Esq.
    Cristina A. Douglass, Esq.
    *Attorneys for Plaintiff*
    693 East Avenue
    Rochester, New York 14607
    Telephone: 585.272.0540
    nthomas@theemploymentattorneys.com
    mlingle@theemploymentattorneys.com
    cdouglass@theemploymentattorneys.com