UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOLIN, THOMAS & SOLOMON LLP,

                            Plaintiff,

                                                                                     DECISION AND ORDER

                                                                                     08-CV-6181L

                        v.

UNITED STATES DEPARTMENT OF LABOR,

                            Defendant.
_____

      Plaintiff, the law firm of Dolin, Thomas & Solomon, LLP ("Dolin Thomas"), proceeding *pro se,* commenced this action against the United States Department of Labor ("DOL"), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dolin Thomas alleges that the DOL wrongfully withheld certain documents requested by Dolin Thomas pursuant to FOIA.

      Dolin Thomas has moved, and the DOL has cross moved, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the parties' motions are each granted in part and denied in part.

# BACKGROUND

On December 11, 2007, plaintiff mailed three FOIA requests to the DOL, seeking access to agency records relating to DOL Wage and Hour Division Opinion Letters FLSA 2007-1, FLSA 2007-2, and FLSA 2007-4, as well as copies of the opinion letters themselves. Specifically, plaintiff requested photocopies of all documents received by DOL requesting its opinion on the issues covered by the letter, copies of all documents accompanying those requests and the persons or entities who made the requests, and, inter alia, all underlying documentation and communications concerning the analysis of the pertinent issues and the drafting of the opinion letters themselves.

The DOL did not timely respond to the plaintiff's requests, and plaintiff commenced this action on April 22, 2008, seeking to compel a response. On August 11, 2008 and November 14, 2008, DOL responded to plaintiff's request, producing documents and an index listing documents that had been withheld as subject to the attorney-client or deliberative process privileges. Plaintiff moved for summary judgment, alleging that the production was inadequate, and on April 15, 2009, in response to an internal policy change favoring more expansive production of potentially privileged documents, the DOL produced an additional 1,044 pages, some with redactions, of previously withheld material. Additional disclosures were made on September 4, 2009. Collectively, the DOL's Office of the Solicitor and Wage and Hour Division have now produced a total of 1,624 documents, and withheld 435, some of which are duplicative.

Generally, the DOL cited both the deliberative process privilege and the attorney-client privilege as the basis for withholding: (1) "cover letter" e-mails and documents which attached

drafts of the opinion letters, and communications concerning the status of the plaintiff's FOIA requests; (2) drafts of the opinion letters at issue; and (3) communications containing orders, advice and interpretations governing internal decisions within the DOL ("secret law"). The DOL also withheld, under the deliberative process privilege only: (4) communications relating to the opinion letter drafting process itself; and (5) copies of prior opinion letters and underlying research documents.

## DISCUSSION

The Freedom of Information Act's purpose is to "promote honest and open government and to assure the existence of an informed citizenry . . . to hold the governors accountable to the governed." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath*, 532 U.S. 1, 8 (2001).

An agency's decision to claim one or more of the FOIA exemptions to disclosure must be substantially justified. A mere assertion of privilege is insufficient: rather, the withholding agency must provide a detailed index setting forth the basis for a claimed exemption. *See Vaughn v. Rosen*, 484 F.2d 820, 827-828 (D.C. Cir. 1973). The index may not consist solely of "conclusory and generalized allegations of exemptions," but must set forth a "relatively detailed analysis in manageable segments." *Id*., 484 F.2d 820 at 826.

Summary judgment is appropriate to decide FOIA disputes where, as here, there is no genuine dispute as to the material facts. *See Adamowicz v. Internal Revenue Serv.*, 552 F. Supp.

2d 355, 360 (S.D.N.Y. 2008). In order to withstand summary judgment, the agency must demonstrate, "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Ruotolo v. Dep't of Justice*, 53 F.3d 4, 9 (2d Cir. 1995), *quoting Nat'l Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973).

## I. Deliberative Process Privilege

Plaintiff argues that the DOL's reliance on the deliberative process privilege to withhold documents relating to the drafting of opinion letters in general, and to the letters which were the subject of plaintiff's FOIA requests in particular, is inappropriate and insufficient.

The deliberative process exemption applies to documents that are "predecisional" and "deliberative." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005). A predecisional document is one that makes recommendations for agency findings, is generated prior to the agency's adoption of a particular policy, and is "prepared in order to assist an agency decision-maker in arriving at his decision." *Id*. A document may, however, lose its predecisional status if it is later adopted, formally or informally, as the agency position on the issue or is publicly referred to by the agency. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). Moreover, the document must reflect the agency's deliberative process, and "reflect[] the give-and-take of the consultative process," either by assessing the merits of a particular viewpoint, or by spelling out the process used by the agency to formulate a decision. *Id.*, 617 F.2d 854 at 867. The exemption exists "to assure that subordinates within an agency will feel free to provide the decision-maker with their uninhibited opinions and

recommendations without fear of later being subject to public ridicule or criticism," as well as to protect the public from "dissemination of documents suggesting reasons or rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Id.*, 617 F.2d 854 at 866. *See also Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 772 (D.C. Cir. 1978).

In assessing whether the deliberative process privilege applies, "courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States*, 617 F.2d 854 at 866, *citing United States v. Nixon*, 418 U.S. 683, 705 (1974).

In claiming the exemption, the agency has the burden to establish, in detail, the deliberative process in which the documents were used, and to explain the role they played in that process. *See Coastal States*, 617 F.2d 854 at 868; *Vaughn*, 523 F.2d 1136 at 1146. To the extent that a document contains both materials subject to the exemption as well as non-exempt materials, the document should be produced in redacted form. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

In meeting its burden to demonstrate that a document is subject to a privilege, an agency may produce affidavits "indicating that the agency has conducted a thorough search and given reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). To this end, the DOL offers the declarations of Bonny Crosby and Joseph Plick, which attest to the DOL's searches for documents relevant to the requests at issue, and the

sufficiency of the exemptions claimed for those documents which were withheld and/or redacted. (Dkt. #31-1, #31-8).

Primarily, plaintiff contends that the DOL has improperly claimed privileged status for documents not entitled to such protection.[1] Because there are several categories of documents for which claims of privilege are made, the Court will examine each type – and each claim of privilege – separately.

A. **Enclosure Letters**

Citing the deliberative process privilege, DOL withheld and/or redacted both enclosure letters and e-mails which attached drafts of the opinion letters at issue, as well as internal communications discussing the status of the opinion letter requests. *See* Dkt. #20-1, Plaintiff's Appx. at Exh. G. Plaintiff argues that the DOL's reliance on the deliberative process privilege for the enclosure and status-listing letters is misplaced. In light of the record before it, the Court concurs. Given the tenor of the material surrounding the redactions from these documents, it would appear that what has been excised is nothing more than dispassionate and brief references

---

[1] Plaintiff also challenges – not in its own motion for summary judgment, but for the first time in opposition to DOL's cross motion for summary judgment – the scope of the search for relevant documents, speculating that the DOL failed to cast its net broadly enough to identify and corral all potentially-responsive documents. The plaintiff's primary focus is the fact that the DOL performed additional searches after its initial one, and produced additional documents at that time. The second round of production, however, arose after an internal policy change at DOL which favored production of documents that were questionably privileged, and not because the initial search had been deemed inadequate. I find that based on the affidavits submitted by the DOL, which describe its manual and electronic searches for responsive documents from the DOL and specifically the Wage and Hour Division, a thorough and reasonable search was made. (Dkt. #43, #44). *See Garcia v. U.S. Dep't of Justice*, 181 F. Supp. 2d 356, 367 (S.D.N.Y. 2002) (declaration describing in detail an agency's search of its records satisfied the requirements of FOIA).

to the status of the opinion letters, many of which appear in list form along with other opinion letters upon which the agency was working at the time. Nothing in the context of the redactions or the adjacent material suggests that the redactions could possibly reflect "the give-and-take of the consultative process." *Coastal States*, 617 F.2d 854 at 867. Although the DOL claims that the redacted portions "are substantive in nature reflecting . . . thought processes regarding the creation of the Opinion Letters," (Dkt. #31-1 at ¶ 32), the DOL does not specify or explain how its thought processes could have been betrayed within such brief redactions, or in the context of what appear to be bare status updates on pending opinion letters. *See e.g.*, *Mead Data Cent.,* 566 F.2d 242, 254 n. 27 (documents reflective of the "status" of negotiations which were the subject of a FOIA request are "more likely . . . not confidential"); *Nat'l Council of LaRaza v. Dep't of Justice*, 2004 U.S. Dist. LEXIS 20529 at *3 (S.D.N.Y. 2004) (e-mails discussing whether agency opinion should be made public are not privileged, because the deliberative process "privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment"), *aff'd*, 411 F.3d 350 at 350. I therefore find that it has failed to meet its burden to show that such documents are subject to the deliberative process exemption, and the DOL is ordered to produce complete, unredacted copies of the enclosure letters and status lists. See Dkt. #20-1, Plaintiff's Appx. at Exh. G; Dkt. #17, Plaintiff's Memorandum of Law at 7 (listing documents).

Admittedly, the Court's ability to judge the content of the material withheld by the DOL is hampered because the DOL has not submitted the withheld materials in unredacted form for *in camera* review. As such, the Court can only examine the context of redactions that were made to

the enclosure letters and status updates that were produced, as well as the DOL's affidavits describing the allegedly privileged material, to form an educated guess as to what has been redacted. However, *in camera* review "is considered the exception, not the rule," and where "nondisclosure can be assessed based on affidavits, *in camera* inspection is not necessary." *O'Keefe v. United States Dep't of Defense*, 463 F. Supp. 2d 317, 329 (E.D.N.Y. 2006), *quoting Local 3 Int't. Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988).

### B. Communications Discussing the DOL's Procedures for Review and Drafting of Opinion Letters

The plaintiff claims that DOL also withheld communications which discussed or provided an overview of the agency's generalized procedures for responding to opinion letter requests and drafting opinion letters. Plaintiff contends that DOL has no basis to withhold such communications, since they pertain solely to the generalized process by which opinion letters are rendered, and are not specific to the DOL's determination of any particular request, and most significantly, do not reveal anything about the DOL's decision-making relative to the particular opinion letters at issue.

DOL contends that all documents relating generally to the process of drafting opinion letters have already been produced. Nonetheless, to the extent that any communications were withheld which were not made in connection with the agency's requests for or receipt of legal advice, and which outline the agency's generalized procedures for creating opinion letters, those documents are not subject to the deliberative process privilege and must be disclosed.

### C. Drafts of the Opinion Letters at Issue

DOL declined to provide plaintiffs with prior drafts of the opinion letters at issue, many of which are unsigned and undated. Plaintiff argues that the DOL has failed to explain how each and every part or section of the prior drafts "is actually deliberative . . . much less explained that certain portions of the drafts are privileged." (Dkt. #17, Plaintiff's Memorandum of Law at 12-13). Plaintiff urges that "if anything within a particular draft could shed an inaccurate light on the DOL's ultimate position taken in a final opinion letter, [DOL] could simply redact the particular confusing section. Conversely, to the extent that any of these drafts are identical . . . to the final released opinion letters, the law provides that they are subject to disclosure and not privileged." (Dkt. #17, Plaintiff's Memorandum of Law at 13). In any event, drafts are "not per se exempt" unless they are wholly or inextricably deliberative. *See Center for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 68-69 (D.D.C. 2006).

The DOL contends that the drafts at issue contain significant edits and redlining, and as such, viewing and/or comparing them would both reveal the deliberative process by which the final, official opinion letters were formulated, as well as run a substantial risk of confusing the public. The Court concurs. To the extent the letters are identical to the DOL's final determination, they are duplicative of information already produced to the plaintiff, and to the extent they differ, they pose a substantial risk of confusing the public, and/or intruding on the deliberative process by revealing the DOL's chain of reasoning. Accordingly, I find that they were properly withheld. *See e.g.*, *Sussman v. U. S. Dep't of Justice*, 2008 U.S. Dist. LEXIS 58746 at *9-*10 (E.D.N.Y. 2008) (noting with respect to an agency's draft response to a

congressional inquiry regarding implementation of a particular policy, drafts are generally exempt because "the information in draft form represents the personal opinion of the author, not yet adopted as the final position of the agency").

### D. Communications Containing Orders, Advice and Interpretations Which Govern DOL Decisions

DOL also withheld a number of communications containing legal orders, advice, discussion and interpretations of internal DOL policies which govern opinion letter decision-making. It is well settled that an agency may not develop a body of informal rules (often referred to by courts addressing the issue as "secret law") within the agency, "used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.'" *Coastal States*, 617 F.2d 854 at 867-868. *See also American Civil Liberties Union Found. v. U. S. Dep't of Justice*, 833 F. Supp. 399, 405-406 (S.D.N.Y. 1993).

The DOL has not described any of the withheld documents explicitly as "secret law." However, it is manifest that an agency may not withhold documents used by it to discharge its regulatory duties on the grounds of the deliberative process privilege, and I therefore hold that to the extent the DOL has withheld documents which pertain to the decision-making process generally utilized by the DOL, are not specific to the opinion letters at issue, *and are not otherwise subject to the attorney-client privilege as discussed in detail, infra* – those documents are not subject to the deliberative process privilege and should be produced. *See* Dkt. #17, Plaintiff's Memorandum of Law at 14 (listing documents).

### E. Prior Opinion Letters and Legal Research Documents

DOL withheld copies of legal research documents (some consisting of passages which had been underlined and/or annotated by hand) as well as copies of prior published opinion letters, some of which had been attached to attorney-client privileged communications. Plaintiff argues that such documents are manifestly non-privileged, and that alternatively, to the extent that such research and opinions were relied upon as governing the DOL's decisions, they comprise "secret law" within the agency that should be disclosed.

DOL has articulated no reasonable basis for withholding such documents – in their entirety – as deliberative. If the agency's legal research documents contain or consist of handwritten notations or passages drafted by or to counsel in connection with a request for legal advice, then such material may be redacted. However, the research itself, apparently consisting of copies of prior decisions and other official, published legal authority developed prior to and independent from the opinion letters at issue and merely gathered and printed for reference by the DOL and/or its counsel, is best characterized as source material. There is no way that a reader could discern whether the research compiled by the DOL reflects findings that it ever considered, adopted or rejected with respect to the opinion letters at issue. Therefore, it does not reflect the DOL's deliberations concerning those letters, and must be produced. *See* Dkt. #17, Plaintiff's Memorandum of Law at 15 (listing documents).

### II. Attorney-Client Privilege

Traditionally, the attorney-client privilege protects confidential information shared between attorneys and clients, in order to foster open and honest communication between

individuals and their counsel. *See Coastal States*, 617 F.2d 854 at 862. The privilege, however, is narrowly construed, and "protects only those disclosures necessary to obtain informed legal advice." *Id*. The privilege may be explicitly waived by the client, or may be waived by the client's failure to maintain the confidential nature of the communication. *Id*.

In the context of FOIA, the client may be the agency and the attorney may be an agency lawyer. In order to demonstrate entitlement to the privilege, the agency must show that the relevant documents or communications contain advice or counseling from attorneys relating to the agency's legal, "personal," interests. *Id*. Thus, for example, an auditor's neutral and objective analysis of agency regulations is not privileged, whereas the materials generated by an agency in negotiating a government contract are. *See Coastal States*, 617 F.2d 854; *Mead Data*, 566 F.2d 242.

In order to claim the attorney-client privilege, the agency must also demonstrate that confidentiality of the communications was expected and maintained. *See Coastal States*, 617 F.2d 854 at 863. "If facts have been made known to persons other than those who need to know them, there is nothing on which to base a conclusion that they are confidential," and the privilege may be deemed waived. *Id.*, 617 F.2d 854 at 863.

### A. Enclosure Letters

As above, I find that the enclosure letters, or portions thereof, withheld by DOL are not privileged attorney-client material. DOL does not contend that the letters were sent by or between agency counsel for the purpose of requesting or rendering legal advice, and as such, I find that they must be disclosed in the manner and to the extent already ordered, *supra*.

### B. Drafts of the Opinion Letters at Issue

DOL asserts that drafts of the opinion letters at issue were communications made for the purpose of seeking legal advice. As the Court has already determined, the drafts are privileged as reflective of the deliberative process, and as such, were properly withheld by the DOL.

### C. Communications Containing Orders, Advice and Interpretations ("Secret Law") Which Govern DOL Decisions

The DOL withheld e-mail communications by and between attorneys in the Office of the Solicitor and employees in the Wage and Hour Division concerning the drafting of opinion letters. Plaintiff generally argues that, as a matter of law, "secret law" that is used to guide an agency's decision-making, once incorporated into a final opinion or otherwise adopted by the agency as the governing law or rules, cannot be shielded from disclosure by the attorney-client privilege. *See Robert v. Dep't of Health and Human Serv.*, 2005 WL 1861755 at *4 (E.D.N.Y. 2005). Plaintiff further alleges that DOL has failed to establish that the communications that it withheld address legal issues or provide legal advice based on the agency's personal interests, or that there was a limited scope of distribution for those communications.

The DOL contends that the communications were rendered for the sole purpose of giving legal advice, and that they reflect specific comments, suggestions and thought processes by and between the agency and its counsel regarding the content of the opinion letters at issue. The DOL further alleges that all documents which "merely reflect the procedural steps for creation and publication of the Opinion Letters have been released." (Dkt. #31-8, Plick Aff. at ¶32). The Court finds no evidence to the contrary, and it is manifest that communications between the DOL, Wage and Hour Division, and their counsel which were made for the purpose of requesting

or rendering legal advice are protected from disclosure by the attorney-client privilege. As such, they were properly withheld.

## CONCLUSION

The plaintiff's motion for summary judgment is granted in part (Dkt. #16), and the DOL's motion for summary judgment is granted in part (Dkt. #28). In the manner and to the extent set forth above, the DOL is ordered to produce additional responsive, non-privileged documents to plaintiff within thirty (30) days of entry of this Order.

As noted above, the DOL has attested to multiple, thorough searches for responsive documents (Dkt. #43, #44), describing in detail the scope of the search, and listing files and persons from whom information was sought. I find that the search was adequate, and plaintiff's request for additional discovery concerning the manner and scope of the DOL's search for responsive documents is therefore denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 30, 2010.